## S. D. Davis, Inc., v. Philadelphia School District

*Harold J. Borofsky*, for plaintiffs.

*Edward B. Soken, C. Brewster Rhoads* and *Gerald A. Gleeson, Jr.*, for defendant.

*Wolf, Block, Schorr & Solis-Cohen*, for Philadelphia Industries, Inc., amicus curiae.

CARROLL, P. J., December 21, 1960.—This matter is before the court on appeal from a decision of the School District of Philadelphia rejecting the claims of appellants, S. D. Davis, Inc., and Sivad Mfg. Corp. for refund of taxes allegedly erroneously paid during the years 1955, 1956 and 1957.

The Act of May 23, 1949, P. L. 1669, sec. 3, as amended, 24 PS §584.3, provides:

"Every person engaging in any business in any school district of the first class shall pay an annual tax at the rate of one (1) mill on each dollar of the annual receipts thereof."

In defining receipts, section 1(5) of the act provides:

"(5) 'Receipts' . . . 'Receipts' shall exclude . . . (d) the receipts or the portion thereof attributable to any sale involving the bona fide delivery of goods, commodities, wares or merchandise of the taxpayer's own manufacture, growth or produce, to a location regularly maintained by the other party to the transaction outside the limits of such school district, and not for the purpose of evading or avoiding payment of the tax or any portion thereof imposed under this act; . . .

"(f) . . . For the purpose of determining taxable receipts from sales made by a manufacturing corporation of goods, commodities, wares, and merchandise of its own manufacture through a wholly owned distributing corporation, *such sales shall be treated as if*

*made directly by the manufacturing corporation to the vendees of the distributing corporation, . . . if a majority of the shares of stock of both the manufacturing corporation and the distributing corporation is owned by the same individual, association or corporation. . . ."*

From the stipulation of facts filed by the parties, it appears that appellant, Sivad Mfg. Corp., is a Pennsylvania corporation engaged in the manufacture of storm sashes, screens and doors, and that during the years 1955, 1956 and 1957 this corporation sold its entire manufactured output to appellant, S. D. Davis, Inc.; that the Sivad Mfg. Corp. paid the general business tax of the School District of Philadelphia on all of its sales for these years; that S. D. Davis, Inc., sold the Sivad manufactured goods during the period in question, both within and without the School District of Philadelphia. This corporation paid the general business tax on receipts from all of its sales made within the School District of Philadelphia. It further appears that during the period in question the authorized and outstanding stock of S. D. Davis, Inc., was owned as follows:

| | Common | Preferred |
|---|---|---|
| S. D. Davis and Claire L. Davis, his wife . . . . . . . . . . . . . . . | 50 | 50 shares |
| Benjamin and Betty Davis, his wife . . . . . . . . . . . . . . . . . . | 50 | 50 shares |
| M. L. Girsh . . . . . . . . . . . . . . . | 50 | 50 shares |

It likewise appears that the stock ownership of Sivad Mfg. Corp. was as follows:

| | |
|---|---|
| S. D. Davis and Claire L. Davis, his wife . . . . . . . . . . . . . . . | 25 shares |
| Benjamin Davis and Betty Davis, his wife . . . . . . . . . . | 25 shares |
| M. L. Girsh . . . . . . . . . . . . . . . | 25 shares |

Appellants take the position that all of the sales made by S. D. Davis, Inc., are excludable from the general business tax and that the sales made by Sivad Mfg. Corp. should be treated as if made directly to the vendees of S. D. Davis, Inc., and, hence, only those receipts allotable to sales within the School District of Philadelphia should be subject to the general business tax under the above sections of the act.

The school district on the other hand contends that the manufacturer's distributor exclusion does not encompass appellant's operation because even though the two corporations were owned by the same three interests in the same proportion, the majority of the shares of stock of both the manufacturing corporation and the distributing corporation were not owned by the same individual, association or corporation. With this contention, we cannot agree.

When originally enacted in 1949[1] the manufacturer's exemption was available only to those taxpayers who manufactured and distributed their own products. However, it is clear that the legislature in enacting the section under discussion in 1951 intended that the exclusion be made available to manufacturing corporations whose sales were made through distributing corportions where the majority stock interest of the two corporations was the same, thus removing the unequal treatment previously given businesses which chose to separate their manufacturing and distributing func-

---

[1] "(5) 'Receipts.'. . . 'Receipts' shall exclude . . . (d) the receipts or the portion thereof attributable to any sale involving the bona fide delivery of goods, commodities, wares or merchandise of the taxpayer's own manufacture, growth or produce, to a location regularly maintained by the other party to the transaction outside the limits of such school district, and not for the purpose of evading or avoiding payment of the tax or any portion thereof imposed under this act."

tions. In so doing, the legislature took cognizance of the fact that it is the majority shareholder or group who is the ultimate taxpayer. Hence, their use of the words "individual," "association" or "corporation" was intended as a complete dichotomy of the manner in which the majority interest of the two corporations could be held. Thus, so long as the majority interest of the two corporations is the same, whether it be an individual, association or corporation, the manufacturing entity and distributing entity is intended as one.

To hold otherwise would effectively thwart the clear legislative intent manifested in the 1951 amendment and produce the strange result that one stockholder owning 51 percent of the stock of two corporations employing the manufacturer-distributor relation, would qualify for the exemption, while here, where the ownership of the two corporations is in fact identical, the receipts would be subject to dual taxation.

Accordingly, it seems clear that the legislative draftsman in employing the word "individual" intended merely to distinguish this form of ownership from that of an association or corporation and thus intended that the word include the singular and the plural. Our conclusion is reinforced by the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1,[2] which provides:

"In the construction of the laws of this Commonwealth, the rules set forth in this article shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the Legislature."

Article III, sec. 32, of this act provides that "the singular shall include the plural, and the plural, the singular . . ."

---

[2] Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§501, 531.

In accordance with the foregoing, we enter the following:

*Order*

And now, to wit, December 21, 1960, the appeal of S. D. Davis, Inc., and Sivad Mfg. Corp. is sustained. The School District of Philadelphia is directed to honor the claims for refund of money erroneously paid by S. D. Davis, Inc., and Sivad Mfg. Corp. for the years 1955, 1956 and 1957.